JUSTICE RICE,
concurring in part and dissenting in part.
¶49 I concur with the Court’s resolution of Issue 1, but dissent from Issue 2.1 would affirm the District Court.
¶50 Fundamentally, I would not reverse this case because of the clear evidence in support of the jury’s verdict that Stevenson was not the victim of age discrimination. Stevenson’s challenge to the jury’s verdict for lacking substantial evidence[1] dramatically understates the evidence offered by Felco by taking out of context one statement made by Stevenson’s 83-year-old boss, and basing his argument on that one statement. I find Stevenson’s argument to be somewhat misleading and I agree with Felco that the verdict was well supported by the evidence.
¶51 The Court is troubled by the process that led to the admission of the HRB report into the trial. The Court first faults Felco for failing to cite authority ‘Tor the proposition that failure to comply with a scheduling order renders a subsequent objection at the time the evidence is first presented at trial ‘untimely.’” Opinion, ¶ 31. I’m not sure what authority Felco could cite for the proposition that when the trial court requires a litigant to do something by a certain time, and the litigant fails to do so, a later attempt is necessarily “untimely.” Ipso facto, Stevenson’s objection was untimely, and as a matter of common sense and practice, he accordingly waived his objection. Although the *316 Court concludes that the District Court, by so ruling, “denied Stevenson his right to object to inadmissible evidence,” Opinion, ¶ 37, the District Court did not deny Stevenson his right to object; the court simply required a timely objection, which Stevenson failed to make. Stevenson’s counsel admitted at trial that she was not surprised by Felco’s offering of the HRB report, but had simply failed to timely object. The District Court offered Stevenson an opportunity to postpone the trial, but Stevenson declined. Accordingly, Stevenson’s actions resulted in a waiver of the right to object, and I would conclude the matter there.
¶52 However, the Court then engages in a “sanction” analysis to determine if the waiver was a sanction that was too severe. It frames the issue as whether a court may “admit patently inadmissible and substantially prejudicial evidence over objection, as a sanction ....” Opinion, ¶ 45 The Court acknowledges that the District Court did not consider Stevenson’s waiver a “sanction.” Further, the parties do not consider the waiver a “sanction,” and have not argued that the waiver must be assessed for inappropriate severity as a sanction. I believe the Court’s analysis is unnecessary.
¶53 Rather, Stevenson’s actual argument is that the admission of the HRB report was prejudicial. He specifically asserts that admission of the report was prejudicial ‘In light of the error regarding instruction on motivating factors and John Felton’s [Stevenson’s boss] testimony that he considered age when he terminated Stevenson[.]”However, we have rejected Stevenson’s argument about the motivating factors instruction under Issue 1. And I have addressed above the shortcomings in Stevenson’s isolated citation to his boss’s testimony. In short, I believe Stevenson’s prejudice argument is without merit.
¶54 For the same reasons that we concluded that admission of a statutorily, perhaps “patently,” inadmissible report was harmless error in In re Mental Health of A.S.B., 2008 MT 82, ¶¶ 35-36, 342 Mont. 169, 180 P.3d 625, I would reach the same conclusion here and affirm.

 This argument is not addressed within the Court’s opinion.